**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Dakota Santiago,<br><br>Plaintiff,<br><br>v.<br><br>Townsquare Media, Inc. d/b/a<br>New Jersey 101.5,<br><br>Defendant. | Case No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Plaintiff Dakota Santiago ("Plaintiff"), by and through his undersigned counsel, for his Complaint against defendant Townsquare Media, Inc. d/b/a New Jersey 101.5 ("Defendant") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C. § 101 et seq.

2. Plaintiff is an award-winning photographer and photojournalist who documents breaking news in the New York metropolitan area. This action concerns his video of the crime scene in Midtown Manhattan where New York Jets cornerback Kris Boyd was shot in the early morning hours of November 16, 2025 (the "Video").

3. The day after the Video's first publication, Defendant copied a still frame from the Video, stored it on its own server, superimposed a photograph of Mr. Boyd on it, and displayed the result as the featured image of an article on its website, nj1015.com, about the shooting. Defendant never sought or obtained a license from Plaintiff.

## PARTIES

4. Plaintiff is an individual who resides in Hudson County, New Jersey.

5. Defendant Townsquare Media, Inc. is a Delaware corporation with a principal place of business at 4 Manhattanville Road, Suite 107, Purchase, in Westchester County, New York, and does business as New Jersey 101.5.

SLG SANDERS LAW GROUP

**JURISDICTION AND VENUE**

6. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. § 1338(a) and 28 U.S.C. § 1331.

7. This Court has personal jurisdiction over Defendant because it maintains its principal place of business in New York.

8. Venue is proper under 28 U.S.C. § 1391(b)(1) and (b)(2) because Defendant resides in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claims occurred in this Judicial District.

**FACTS COMMON TO ALL CLAIMS**

**A. Plaintiff's Business**

9. Plaintiff is an award-winning photographer and photojournalist whose original works document breaking news, public events, and the changing social and economic landscape of the New York metropolitan area.

10. A graduate of New Jersey City University's photography program, Plaintiff has developed a substantial portfolio of copyrighted works that have appeared in major media publications and have been exhibited publicly throughout the region.

11. Plaintiff's work has been recognized by the Eddie Adams Workshop, multiple New York Times portfolio reviews, and the Darryl Chappell Grant to Afrodescendent Artist.

12. Breaking news footage requires Plaintiff to respond to unfolding events at all hours, often overnight and on short notice, and to work at active crime and emergency scenes. It cannot be recreated after the fact; its value lies in its having been captured at the moment the event occurred, and that value is greatest in the period immediately following the event.

13. Plaintiff licenses his original works for editorial and commercial use and derives significant value from the ownership and authorized licensing of his copyrighted works. The unauthorized reproduction and display of his works diminishes the value of those rights and interferes with the market for his creative content.

**B. Plaintiff's Copyright Ownership**

14. In the early morning hours of November 16, 2025, New York Jets cornerback Kris Boyd was shot outside a restaurant in Midtown Manhattan. Plaintiff recorded footage of the police investigation at the scene.

15. On November 16, 2025, Plaintiff first published the Video, titled "11.16.25_Kris

Boyd Injured in Midtown Shooting," on YouTube, at https://www.youtube.com/watch?v=DhyZ4y5-VAk. A copy of a still image from the Video is attached hereto as part of Exhibit 1.

16. On January 28, 2026, the Video was registered by the United States Copyright Office (the "USCO") under Registration No. PA 2-580-572, within three months of its first publication.

17. Plaintiff is the author and sole owner of the copyright in the Video.

18. In creating the Video, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the Video and made each and every artistic determination necessary for the creation of the work.

19. The Video is an original, creative work in which Plaintiff owns protectable copyright interests.

20. Plaintiff created the Video with the intention of it being used commercially and for the purpose of display and/or public distribution, including through licensing to media organizations.

SLG SANDERS · LAW GROUP ·

**C. Defendant's Infringing Activity**

21. Defendant is a media company that owns and operates local radio stations throughout the United States, together with a website for each station that publishes news, traffic, weather, entertainment, and other content.

22. Defendant is a publicly traded company (NYSE: TSQ) that describes itself as "a community-focused digital and broadcast media and digital marketing solutions company." According to its most recent annual report on Form 10-K, as of March 9, 2026, Defendant owned and operated 340 radio stations in 74 local markets, together with a portfolio of more than 400 local news and entertainment websites and mobile apps.

23. Defendant's websites are central to how it makes money. Defendant generates revenue by selling advertising displayed to the audiences its websites attract, connecting local, regional, and national advertisers to consumers across its portfolio of websites and apps. According to its Form 10-K, Defendant's digital revenue was $236.0 million in 2025, comprising 55% of its total net revenue. Visual content such as photographs and video draws readers to Defendant's articles and, in turn, increases the advertising inventory Defendant can sell.

24. Defendant owns and operates the radio station New Jersey 101.5 and its website at

nj1015.com (the "Website"), and is responsible for the Website's content.

25. The Website is a key component of Defendant's commercial enterprise. The Website is monetized in that it contains paid advertisements and solicits advertisers, promotes Defendant's mobile applications, newsletters, and contests, and drives listeners to Defendant's radio broadcasts, and, upon information and belief, Defendant profits from these activities.

26. On or about November 17, 2025, the day after Plaintiff first published the Video, Defendant published an article on the Website titled "Jets Kris Boyd Injured in Manhattan Shooting, Suspect Sought," at https://nj1015.com/kris-boyd-shooting-manhattan/ (the "Article").

27. The featured image of the Article is a composite image made from a still frame copied from the Video, depicting police tape, police personnel, and vehicles at the scene of the shooting, with a photograph of Mr. Boyd superimposed on it (the "Infringing Image").

28. Defendant copied and stored the Infringing Image on its own server, at https://townsquare.media/site/385/files/2025/11/attachment-untitled-design-2025-11-17t074706-655.jpg, and displayed it from that server on the Website. Defendant did not display the Infringing Image by linking to or embedding any post (the "Infringement").

29. Defendant did not obtain the Infringing Image through any embedding feature of a social media or video-hosting platform. To the extent such platforms' terms of service permit third parties to display content at all, they permit display only through the platform's own embedded player, and do not authorize a third party to copy frames from a video, store them on its own server, and display them outside the platform.

30. Defendant did not credit Plaintiff as the author of the Infringing Image.

31. The still frame is a copy of a protected portion of the Video. Defendant selected a frame that captured the scene the Article reported on, and it used that frame for the same purpose for which Plaintiff creates and licenses his footage: to show its audience that event.

32. The Copyright Act expressly grants the owner of the copyright in an audiovisual work the exclusive right to display "the individual images" of that work publicly. 17 U.S.C. § 106(5).

33. Copies of screengrabs of the Article, including an archived capture from the date of publication, identifying the date of the Article and the specific URLs, are attached hereto as Exhibit 2.

34. The Infringement is a copy of a portion of the Video that was copied and displayed



SLG SANDERS · LAW GROUP ·

by Defendant on the Website without license or permission, thereby infringing on Plaintiff's copyright in and to the Video.

35. The Infringement includes a URL ("Uniform Resource Locator") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement.

36. Plaintiff did not discover the Infringement earlier than January 21, 2026.

37. On May 13, 2026, Plaintiff, through counsel, notified Defendant in writing of the Infringement. The Infringing Image remained displayed on the Website at least as of June 8, 2026, nearly four weeks after that notice, and has since been removed.

38. To date, Defendant has not compensated Plaintiff for its use of the Video.

39. Upon information and belief, Defendant is a sophisticated media company that owns or operates a large portfolio of radio stations, websites, and social media accounts, and has advanced operational expertise in an industry where copyright is prevalent.

40. Upon information and belief, Defendant's staff have significant experience in copyright matters due to the company's background as a large media company and are familiar with journalistic practices, including the need to ensure that images and videos used on Defendant's websites have been properly licensed.

41. Defendant understands the value of copyright and the necessity of licensing. In its annual report, Defendant states that it "own[s] or ha[s] the rights to copyrights that protect the content of [its] products" and that it "pay[s] royalties to song composers and publishers through four performing rights organizations." The Terms of Use governing Defendant's websites declare that "Townsquare owns and retains all proprietary rights in the Websites" and provide that visitors "may not copy, modify, publish, transmit, distribute, perform, display, or sell" that content. Defendant thus demands from others the very respect for copyright that it denied Plaintiff.

42. Defendant's unlicensed use of photographs and videos on its websites is not an isolated occurrence. Since 2016, Defendant has been named as a defendant in at least fifty-one copyright infringement actions in this District arising from its unlicensed use of photographs and videos on websites it owns and operates, including:

(a) *Sadowski v. Townsquare Media, Inc.*, No. 1:16-cv-06408 (S.D.N.Y. filed Aug. 11, 2016);

(b) *Tabak v. Townsquare Media, Inc.*, No. 1:16-cv-07800 (S.D.N.Y. filed Oct. 6,



SLG SANDERS · LAW GROUP ·

2016);

(c) *Parisienne v. Townsquare Media, Inc.*, No. 1:17-cv-00500 (S.D.N.Y. filed Jan. 23, 2017);

(d) *Zlozower v. Townsquare Media, Inc.*, No. 1:17-cv-04161 (S.D.N.Y. filed June 3, 2017);

(e) *Sands v. Townsquare Media, Inc.*, No. 1:17-cv-07259 (S.D.N.Y. filed Sept. 24, 2017);

(f) *Mazza v. Townsquare Media, Inc.*, No. 1:18-cv-01992 (S.D.N.Y. filed Mar. 6, 2018);

(g) *Fowler v. Townsquare Media, Inc.*, No. 1:18-cv-03794 (S.D.N.Y. filed Apr. 29, 2018);

(h) *Zlozower v. Townsquare Media, Inc.*, No. 1:18-cv-06071 (S.D.N.Y. filed July 3, 2018);

(i) *Global Interactive Media, Inc. v. Townsquare Media, Inc.*, No. 1:18-cv-06880 (S.D.N.Y. filed July 31, 2018);

(j) *McGlynn v. Townsquare Media, Inc.*, No. 1:18-cv-08875 (S.D.N.Y. filed Sept. 27, 2018);

(k) *Vollweiler v. Townsquare Media, Inc.*, No. 1:18-cv-10274 (S.D.N.Y. filed Nov. 5, 2018);

(l) *McDermott v. Townsquare Media, Inc.*, No. 1:18-cv-11452 (S.D.N.Y. filed Dec. 7, 2018);

(m) *Hermann v. Townsquare Media, Inc.*, No. 1:18-cv-12088 (S.D.N.Y. filed Dec. 20, 2018);

(n) *Hirsch v. Townsquare Media, Inc.*, No. 1:19-cv-01444 (S.D.N.Y. filed Feb. 14, 2019);

(o) *Chevrestt v. Townsquare Media, Inc.*, No. 1:19-cv-01993 (S.D.N.Y. filed Mar. 3, 2019);

(p) *Zlozower v. Townsquare Media, Inc.*, No. 1:19-cv-03395 (S.D.N.Y. filed Apr. 16, 2019);

(q) *Walsh v. Townsquare Media, Inc.*, No. 1:19-cv-04958 (S.D.N.Y. filed May 28, 2019);

(r) *Malluk v. Townsquare Media, Inc.*, No. 1:19-cv-06461 (S.D.N.Y. filed July 11, 2019);

(s) *Schiffman v. Townsquare Media, Inc.*, No. 1:19-cv-10467 (S.D.N.Y. filed Nov. 12, 2019);

(t) *Soler v. Townsquare Media, Inc.*, No. 1:20-cv-01119 (S.D.N.Y. filed Feb. 9, 2020);

(u) *Fedun v. Townsquare Media, Inc.*, No. 1:20-cv-02344 (S.D.N.Y. filed Mar. 17, 2020);

SLG SANDERS LAW GROUP

(v) *Shihab v. Townsquare Media, Inc.*, No. 7:21-cv-00148 (S.D.N.Y. filed Jan. 7, 2021);

(w) *Charming Beats LLC v. BuzzFeed, Inc.*, No. 1:22-cv-02202 (S.D.N.Y. filed Mar. 17, 2022) (naming Defendant as a co-defendant);

(x) *Estate of Modu v. Townsquare Media, Inc.*, No. 1:22-cv-05311 (S.D.N.Y. filed June 23, 2022);

(y) *Eclipse Sportswire v. Townsquare Media, Inc.*, No. 7:23-cv-06375 (S.D.N.Y. filed July 24, 2023);

(z) *Lynk Media LLC v. Townsquare Media, Inc.*, No. 7:23-cv-09877 (S.D.N.Y. filed Nov. 8, 2023);

(aa) *Shook v. Townsquare Media, Inc.*, No. 1:24-cv-01764 (S.D.N.Y. filed Mar. 7, 2024);

(bb) *Borel v. Townsquare Media, Inc.*, No. 1:24-cv-02201 (S.D.N.Y. filed Mar. 24, 2024);

(cc) *Van Sise v. Townsquare Media, Inc.*, No. 7:24-cv-03836 (S.D.N.Y. filed May 17, 2024);

(dd) *Yang v. Townsquare Media, Inc.*, No. 1:24-cv-03841 (S.D.N.Y. filed May 17, 2024);

(ee) *Vila v. Townsquare Media, Inc.*, No. 7:24-cv-03845 (S.D.N.Y. filed May 17, 2024);

(ff) *Santiago v. Townsquare Media, Inc.*, No. 1:24-cv-03851 (S.D.N.Y. filed May 17, 2024);

(gg) *Neil Zlozower Photography Inc. v. Townsquare Media, Inc.*, No. 1:24-cv-03853 (S.D.N.Y. filed May 17, 2024);

(hh) *Stop Making Media, Inc. v. Townsquare Media, Inc.*, No. 1:24-cv-03855 (S.D.N.Y. filed May 17, 2024);

(ii) *Chosen Figure LLC v. Townsquare Media, Inc.*, No. 1:24-cv-03873 (S.D.N.Y. filed May 20, 2024);

(jj) *Hames v. Townsquare Media, Inc.*, No. 1:24-cv-03875 (S.D.N.Y. filed May 20, 2024);

(kk) *Nick Kozak Photography LLC v. Townsquare Media, Inc.*, No. 1:24-cv-03876 (S.D.N.Y. filed May 20, 2024);

(ll) *Ong v. Townsquare Media, Inc.*, No. 1:24-cv-03877 (S.D.N.Y. filed May 20, 2024);

(mm) *McDermott v. Townsquare Media, Inc.*, No. 1:24-cv-03883 (S.D.N.Y. filed May 20, 2024);

(nn) *Polaris Images Corp. v. Townsquare Media, Inc.*, No. 1:24-cv-04210 (S.D.N.Y. filed June 3, 2024);

(oo) *Richardson v. Townsquare Media, Inc.*, No. 1:24-cv-04217 (S.D.N.Y. filed June 3, 2024), *aff'd in part, vacated in part, and remanded*, 174 F.4th 299 (2d Cir. 2026);

(pp) *Lynk Media LLC v. Townsquare Media, Inc.*, No. 7:24-cv-04222 (S.D.N.Y. filed June 3, 2024);

(qq) *Malluk v. Townsquare Media, Inc.*, No. 1:24-cv-04321 (S.D.N.Y. filed June 6, 2024);

(rr) *Fish v. Townsquare Media, Inc.*, No. 1:24-cv-05610 (S.D.N.Y. filed July 25, 2024);

(ss) *Michael Grecco Productions, Inc. v. Townsquare Media, Inc.*, No. 7:24-cv-07584 (S.D.N.Y. filed Oct. 7, 2024);

(tt) *Martinka v. Townsquare Media, Inc.*, No. 7:24-cv-07797 (S.D.N.Y. filed Oct. 15, 2024);

(uu) *Moses v. Townsquare Media, Inc.*, No. 7:24-cv-07798 (S.D.N.Y. filed Oct. 15, 2024);

(vv) *Global Weather Productions LLC v. Townsquare Media, Inc.*, No. 7:25-cv-06059 (S.D.N.Y. filed July 23, 2025);

(ww) *Andy Ryan Photographer, LLC v. Townsquare Media, Inc.*, No. 1:25-cv-06542 (S.D.N.Y. filed Aug. 8, 2025);

(xx) *August Image, LLC v. Townsquare Media, Inc.*, No. 7:25-cv-09341 (S.D.N.Y. filed Nov. 7, 2025); and

(yy) *Miller v. Townsquare Media, Inc.*, No. 1:26-cv-06038 (S.D.N.Y. filed July 16, 2026).

SLG SANDERS LAW GROUP

43. Among those actions was Plaintiff's own prior action against Defendant, *Santiago v. Townsquare Media, Inc.*, No. 1:24-cv-03851 (S.D.N.Y.), which arose from Defendant's unlicensed use of Plaintiff's work on one of its websites. Each of the actions identified above put Defendant on notice that copying photographs and videos found online for use on its websites without a license infringes the copyrights in those works.

44. Defendant was therefore well aware of Plaintiff, of his work, and of his enforcement of his copyrights when, after at least fifty of those actions had been filed against it, including Plaintiff's own, it copied the Video without seeking a license.

45. Upon information and belief, Defendant takes an active and pervasive role in the content posted on the Website, including, but not limited to, selecting, copying, editing, posting, and displaying images and videos, including the still frame from Plaintiff's Video.

46. Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringement was apparent. Defendant cannot claim that it was not aware of the infringing activities, since such a claim would amount to only willful blindness to the Infringement on the part of Defendant.

47. Upon information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States copyright laws, or at a minimum in reckless disregard of Plaintiff's rights.

48. Despite the many actions identified above, upon information and belief, Defendant has not adopted any effective practice for determining whether it holds a license before publishing photographs and video footage that its staff find online, and instead continues to treat such content as free for the taking.

49. Upon information and belief, Defendant had complete control over and actively reviewed and monitored the content posted on the Website, and had the legal right and ability to control and limit the infringing activities on the Website.

50. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringement, in that the Infringement increased traffic to the Website and, in turn, caused Defendant to realize an increase in its advertising revenues.

51. Defendant's use of the Video harmed the actual market for the Video, and Defendant's use of the Video, if widespread, would harm Plaintiff's potential market for the Video.

52. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

SLG SANDERS · LAW GROUP ·

## FIRST COUNT
## (Direct Copyright Infringement, 17 U.S.C. § 501 et seq.)

53. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

54. The Video is an original, creative work in which Plaintiff owns a valid copyright.

55. The Video is properly registered with the USCO, and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

56. Plaintiff has not granted Defendant a license or the right to use the Video, or any portion thereof, in any manner, nor has Plaintiff assigned any of his exclusive rights in the copyright to Defendant.

57. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. § 106, Defendant improperly and illegally reproduced and publicly displayed a portion of the Video, and prepared a derivative work from it, thereby violating Plaintiff's exclusive rights in his copyright.

58. Defendant's reproduction and display of the Video constitute willful copyright

infringement.

59. Defendant's willfulness is shown by, among other things, its copying of the Video after Plaintiff himself had sued Defendant for infringing his work; its copying of the Video after at least fifty copyright infringement actions had been filed against it; and its continued display of the Infringing Image after Plaintiff's written notice.

60. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringement as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant pursuant to 17 U.S.C. § 504(c), including enhanced statutory damages for willful infringement.

61. As a result of Defendant's violations of Title 17 of the U.S. Code, the Court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees pursuant to 17 U.S.C. § 505 from Defendant.

62. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

63. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court enter a judgment finding that Defendant has infringed on Plaintiff's rights to the Video in violation of 17 U.S.C. § 501 et seq. and award damages and monetary relief as follows:

a. finding that Defendant infringed Plaintiff's copyright interest in and to the Video by copying and displaying a portion of it without a license or consent;

b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringement as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant pursuant to 17 U.S.C. § 504(c), whichever is larger;

c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d. for costs of litigation and reasonable attorney's fees against Defendant pursuant to

SLG SANDERS LAW GROUP

17 U.S.C. § 505;

e. for pre-judgment interest as permitted by law; and

f. for any other relief the Court deems just and proper.

DATED: November 23, 2026

**SANDERS LAW GROUP**

By: _/s/ Craig Sanders_

Craig Sanders, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 144575

*Attorneys for Plaintiff*

SLG SANDERS · LAW GROUP ·